UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARRYL PARKER #300414**  **CIVIL ACTION**

versus  **NO. 06-10551**

**24TH JUDICIAL DISTRICT COURT**  **SECTION: "F" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Darryl Parker, is a state prisoner incarcerated at the West Carroll Detention Center, Epps, Louisiana. On April 26, 2000, he was convicted of simple burglary in violation of La.Rev.Stat.Ann § 14:62.[2] On May 8, 2000, he was sentenced to a term of twelve years imprisonment.[3] On January 30, 2001, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction.[4] He then filed with the Louisiana Supreme Court an application for a writ of certiorari which was denied on February 22, 2002.[5]

While that appeal was pending, the state filed a multiple bill of information alleging that petitioner was a habitual offender.[6] On October 6, 2000, the state district court found him to be a third offender and resentenced him as such to a term of life imprisonment, without benefit of parole, probation, or suspension of sentence.[7]

---

[2] State Rec., Vol. I of IV, transcript of April 26, 2000, p. 160; State Rec., Vol. I of IV, minute entry dated April 26, 2000; State Rec., Vol. I of IV, jury verdict form. Petitioner was convicted of breaking into a vehicle owned by Andrea Delotte on September 20, 1999. Because the underlying facts of petitioner's crime are not relevant to the claims asserted in this federal application, they will not be fully recounted herein. However, a complete summary of the facts is contained in the decision of the Louisiana Fifth Circuit Court of Appeal affirming petitioner's conviction. State v. Parker, 778 So.2d 1167, 1168 (La. App. 5th Cir. 2001) (No. 00-KA-1365); State Rec., Vol. III of IV.

[3] State Rec., Vol. I of IV, transcript of May 8, 2000, p. 5; State Rec., Vol. I of IV, minute entry dated May 8, 2000.

[4] State v. Parker, 778 So.2d 1167 (La. App. 5th Cir. 2001) (No. 00-KA-1365); State Rec., Vol. III of IV.

[5] State v. Parker, 809 So.2d 981 (La. 2002) (No. 2001-K-0615); State Rec., Vol. II of IV.

[6] State Rec., Vol. I of IV.

[7] State Rec., Vol. II of IV, transcript of October 6, 2000; State Rec., Vol. II of IV, minute entry dated October 6, 2000.

On August 21, 2001, petitioner filed with the state district court a Motion to Correct an Illegal Sentence arguing that he was improperly found to be a third offender.[8] On December 6, 2001, that motion was granted and petitioner was resentenced as a second offender to a term of twelve years imprisonment.[9] On July 29, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's habitual offender adjudication and sentence.[10] Plaintiff did not seek review of that judgment by the Louisiana Supreme Court.

While that appeal was pending, on April 30, 2002, petitioner filed with the state district court a motion challenging the computation of his sentence. That motion was denied on May 2, 2002.[11]

On August 14, 2003, petitioner filed with the state district court a Motion to Correct an Illegal Sentence[12] which was denied on August 16, 2003.[13] On September 6, 2003, he filed with

---

[8] State Rec., Vol. II of IV.

[9] State Rec., Vol. II of IV, transcript of December 6, 2001; State Rec., Vol. II of IV, minute entry dated December 7, 2001. Although the minute entry reflects that the hearing was held on December 7, the transcript indicates that it was in fact on December 6.

[10] State v. Parker, 853 So.2d 67 (La. App. 5th Cir. 2003) (No. 03-KA-288); State Rec., Vol. III of IV.

[11] State Rec., Vol. II of IV, minute entry dated May 2, 2002.

[12] State Rec., Vol. III of IV.

[13] State Rec., Vol. III of IV, Order dated August 16, 2003.

the state district court another Motion to Correct an Illegal Sentence[14] which was likewise denied on September 23, 2003.[15]

On October 17, 2003, petitioner filed with the state district court another Motion to Correct an Illegal Sentence.[16] That motion was denied on October 23, 2003.[17] He then filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on November 21, 2003.[18]

On December 12, 2003, petitioner filed with the state district court yet another Motion to Correct an Illegal Sentence[19] which was denied on December 19, 2003.[20] He then again filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was likewise denied on January 29, 2004.[21]

---

[14] State Rec., Vol. III of IV.

[15] State Rec., Vol. III of IV, Order dated September 23, 2003.

[16] State Rec., Vol. III of IV.

[17] State Rec., Vol. III of IV, Order dated October 23, 2003.

[18] State v. Parker, No. 03-KH-1347 (La. App. 5th Cir. Nov. 21, 2003) (unpublished); State Rec., Vol. III of IV.

[19] State Rec., Vol. III of IV.

[20] State Rec., Vol. III of IV, Order dated December 19, 2003.

[21] State v. Parker, No. 04-KH-87 (La. App. 5th Cir. Jan. 29, 2004) (unpublished); State Rec., Vol. III of IV.

On April 2, 2004, petitioner filed with the state district court a Motion to Quash and Vacate Illegal Multiple Bill and Sentence.[22] That motion was denied on April 7, 2004.[23] He next filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on May 10, 2004.[24] He then filed with the Louisiana Supreme Court an application for a supervisory writ of certiorari[25] which was denied on April 22, 2005.[26]

While that writ application was pending, petitioner returned to the state district court, filing another Motion to Correct an Illegal Sentence on December 9, 2004.[27] That motion was denied on December 15, 2004.[28] He then filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on January 21, 2005.[29]

---

[22] State Rec., Vol. III of IV.

[23] State Rec., Vol. III of IV, Order dated April 7, 2004.

[24] State v. Parker, No. 04-KH-506 (La. App. 5th Cir. May 10, 2004) (unpublished); State Rec., Vol. III of IV.

[25] State Rec., Vol. IV of IV.

[26] State ex rel. Parker v. State, 899 So.2d 564 (La. 2005) (No. 2004-KH-1538); State Rec., Vol. IV of IV.

[27] State Rec., Vol. III of IV.

[28] State Rec., Vol. III of IV, Order dated December 15, 2004.

[29] State v. Parker, No. 05-KH-48 (La. App. 5th Cir. Jan. 21, 2005) (unpublished); State Rec., Vol. III of IV.

On February 10, 2005, petitioner filed with the state district court another Motion to Correct an Illegal Sentence[30] which was denied on February 15, 2005.[31] He then filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on March 16, 2005.[32]

On April 4, 2005, petitioner filed with this Court a federal petition for *habeas corpus* relief. That petition was dismissed without prejudice on August 8, 2005, because he had not exhausted his state court remedies.[33]

On November 8, 2005, petitioner filed with the state district court another Motion to Correct an Illegal Sentence[34] which was denied on November 14, 2005.[35] He next filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on

---

[30] State Rec., Vol. III of IV.

[31] State Rec., Vol. III of IV, Order dated February 15, 2005.

[32] State v. Parker, No. 05-KH-282 (La. App. 5th Cir. Mar. 16, 2005) (unpublished).

[33] Parker v. Rapides Parish Detention Cntr.-3, Civ. Action No. 05-1419 "F"(3) (E.D. La. Aug. 8, 2005).

[34] State Rec., Vol. III of IV.

[35] State Rec., Vol. III of IV, Order dated November 14, 2005.

January 5, 2006.[36] He then filed with the Louisiana Supreme Court a petition for a supervisory writ[37] which was denied on October 13, 2006.[38]

On November 8, 2006, petitioner filed the instant federal application for *habeas corpus* relief.[39] In support of his application, petitioner raises the following claims:

1. Petitioner's rights under the Double Jeopardy Clause were violated;

2. Petitioner was denied the right to file a motion for reconsideration;

3. The prosecution failed to disclose favorable evidence to the defense;

4. In the habitual offender proceedings held on December 6, 2001, the trial court erred in not requiring the prosecution to prove that the instant offense was committed within the ten-year "cleansing period" of his discharge on the predicate offense;

5. In the habitual offender proceedings held on December 6, 2001, petitioner's right to due process was violated by allowing defense counsel to stipulate to the predicate conviction; and

---

[36] State v. 24th Judicial District Court, No. 05-KH-1023 (La. App. 5th Cir. Jan. 5, 2006); State Rec., Vol. III of IV.

[37] State Rec., Vol. IV of IV.

[38] State *ex rel.* Parker v. State, 939 So.2d 358 (La. 2006) (No. 2006-KH-0853); State Rec., Vol. III of IV.

[39] Rec. Doc. 1.

      6. In the habitual offender proceedings held on December 6, 2001, the trial court illegally imposed an enhanced sentence without "properly arraign[ing]" petitioner.[40]

The state concedes in its response that petitioner's federal application is timely. The state then argues that the application should be dismissed because petitioner has again failed to exhaust his state court remedies; however, out of an abundance of caution, the state alternatively responds to the petitioner's claims, as it interprets them, on the merits.[41]

      Arguably, there may be merit to the state's contention regarding exhaustion. Nevertheless, even if petitioner's claims are not properly exhausted, federal law "allows a federal court, in its discretion, to *deny habeas relief* on the merits, regardless of whether the applicant has exhausted state remedies" and whether exhaustion is waived by the state. 28 U.S.C. § 2254(b)(2); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998) (emphasis in original). In light of the long history of the proceedings in the state courts, the state courts' repeated rejection of petitioner's claims relating to his habitual offender adjudication, and the fact that this is the second federal application filed with respect to this matter, the undersigned believes that it is time to put this matter to rest.

---

[40] In its response, the state interprets petitioner's claims differently. Because petitioner's claims are disorganized and poorly stated, interpretation of the claims is admittedly difficult. However, the undersigned believes that the foregoing is a more accurate interpretation of petitioner's claims. The Court's interpretation is based on the allegations petitioner makes both on his application form and in his accompanying memorandum. Petitioner's first three claims, as listed here, appear only on his application form. The fourth and sixth claims are based on allegations made both on the application form and in the accompanying memorandum. The fifth claim appears only in the accompanying memorandum.

[41] Rec. Doc. 8.

Accordingly, in the interest of judicial economy, it is recommended that petitioner's claims simply be denied on the merits.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1); Hill, 210 F.3d at 485.

### Habitual Offender Adjudication

Petitioner asserts various claims regarding his habitual offender adjudication. As noted previously, on October 6, 2000, the state district court found petitioner to be a third offender and resentenced him as such to a term of life imprisonment, without benefit of parole, probation, or suspension of sentence. On August 21, 2001, defense counsel filed with the state district court a Motion to Correct Illegal Sentence. In that motion, counsel noted that petitioner had been adjudicated a third offender based on a 1986 conviction for simple burglary and a 1991 conviction for possession of a firearm by a felon. Counsel argued that using both of those convictions to enhance petitioner's current sentence constituted improper "double enhancement" because the 1986 conviction had already been used against petitioner as an element of the 1991 conviction. At a hearing on the motion held on December 6, 2001, the trial court agreed and set aside the prior ruling adjudicating petitioner a third offender. The trial court then found petitioner to be a second offender and resentenced him as such. Petitioner asserts a variety of claims regarding that 2001 hearing.

Petitioner first claims that his rights under the Double Jeopardy Clause were violated. Although he provides no explanation of that claim in his federal application, the Court assumes that he asserting the same Double Jeopardy claim as was asserted in his Motion to Quash and Vacate

Illegal Multiple Bill and Sentence and the related proceedings. In that motion, petitioner argued to the state court that his rights under the Double Jeopardy Clause were violated when, in connection with the proceedings held on December 6, 2001, the prosecution proceeded again on the original multiple bill of information rather than issuing an amended bill. This claim clearly has no merit in that the United States Supreme Court has held that the Double Jeopardy Clause is inapplicable to noncapital sentencing proceedings. Monge v. California, 524 U.S. 721 (1998).[42]

Petitioner next claims, again without explanation, that he was denied the right to file a motion for reconsideration with respect to the 2001 proceeding and resentencing. The record reflects that defense counsel made an *oral* motion for reconsideration which was denied.[43] There is nothing in the record support a contention that counsel then sought and was denied the opportunity to file a *written* motion for reconsideration. Therefore, petitioner's claim fails on that basis alone. Nevertheless, the Court notes that, even if counsel were denied such an opportunity, it would be of no moment. Although state law provides that a defendant may file a motion for reconsideration of sentence, see La.C.Cr.P. art. 881.1, federal *habeas corpus* relief may be granted only to remedy

---

[42] Moreover, even if that were not the case, the claim is procedurally barred. The Louisiana Supreme Court denied the claim based on State *ex rel.* Melinie v. State, 665 So.2d 1172 (La. 1/12/96), which holds that, as a matter of state law, claims involving sentencing errors may not be asserted in post-conviction proceedings. State *ex rel.* Parker v. State, 899 So.2d 564 (La. 2005) (No. 2004-KH-1538); State Rec., Vol. IV of IV. Federal courts have clearly held that the Melinie decision generally constitutes an independent and adequate ground to support the application of a procedural bar. See, e.g., Hull v. Stalder, No. 99-31199, 2000 WL 1598016 (5th Cir. Sept. 28, 2000); Madina v. Cain, Civ. Action No. 05-2126, 2006 WL 2726506, at *3 (E.D. La. Sept. 20, 2006). Further, petitioner has made no attempt to establish cause for his procedural default, and he has not demonstrated that any miscarriage of justice will result from application of the procedural bar.

[43] State Rec., Vol. II of IV, transcript of December 6, 2001, p. 5; State Rec., Vol. II of IV, minute entry dated December 7, 2001.

violations of *federal* law; mere violations of *state* law will not suffice.  28 U.S.C. § 2254; <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1983). Petitioner cites no authority for the proposition that a right to file a written motion for reconsideration is enshrined in the federal Constitution, and this Court is aware of no such authority.

Petitioner next argues that he was wrongly found to be a second offender because the state was not required to prove, and could not have proven, at the 2001 hearing that the instant offense, i.e. a simple burglary committed in 1999, was committed within the ten-year "cleansing period" after his discharge for the 1986 conviction.  As the state notes in its response, the flaw in that argument is that petitioner assumes that it was the 1986 conviction, rather than the 1991 conviction, that was used to enhance his current sentence.  There is no basis for that assumption in the record.  It is true that it was not expressly specified at the 2001 hearing which of the predicate convictions was being used.[44]  Nevertheless, based on the facts of this case, defense counsel's "stipulation" discussed *infra*, and subsequent orders in the case, it is evident that it was the 1991 conviction that was used to enhance petitioner's current sentence.  For example, the state district court held as much in its decision rejecting petitioner's claim, stating:

> In his current motion, the defendant alleges that the court erred in sentencing him as a multiple offender when more than 10 years elapsed since his previous conviction and the commission of the last felony for which he was convicted in the referenced case. Upon review, the defendant was found to be a double offender and the trial court vacated the previous life sentence imposed and re-sentenced him to 12 years on December 7, 2001.  The defendant pled guilty to the previous conviction under case number 91-3042 on July

---

[44] <u>See</u> State Rec., Vol. II of IV, transcript of December 6, 2001.

>25, 1991.  The defendant was arrested in the referenced case on September 20, 1999. ... [T]he defendant's claim is without merit.[45]

Pursuant to Louisiana law, if less than the cleansing period has elapsed between the defendant's prior conviction and the current offense, it is not necessary for the state to prove the discharge date in the habitual offender proceedings.  Neal v. Kaylo, No. 01-2211, 2001 WL 1195879, at *8 (E.D. La. Oct. 10, 2001); State ex rel. Clark v. Marullo, 352 So.2d 223, 230 (La. 1977); see also State v. Bass, 767 So.2d 772, 781 (La. App. 4th Cir. 2000); State v. Tucker, 682 So.2d 261, 266 (La. App. 4th Cir. 1996).  In the instant case, less than the applicable ten-year cleansing period elapsed between the 1991 conviction and the 1999 offense, and, therefore, the state was not required to establish the discharge date for the 1991 conviction.  Accordingly, petitioner's claim regarding the failure to prove that the offense was committed within the "cleansing period" has no merit.

Petitioner next claims that his right to due process was violated when defense counsel was allowed to stipulate to the predicate conviction at the 2001 hearing.  There are two problems with respect to this claim.

First, it is clear that at the hearing on December 6, 2001, the trial judge was not seeking either a plea or a stipulation regarding the predicate conviction; rather, he simply inquired whether petitioner was prepared for resentencing:

---

[45] State Rec., Vol. III of IV, Order dated December 15, 2004.  The Louisiana Fifth Circuit Court of Appeal found "no error" in that ruling.  State v. Parker, No. 05-KH-48 (La. App. 5th Cir. Jan. 21, 2005) (unpublished); State Rec., Vol. III of IV.  Petitioner did not seek review of that judgment by filing a writ application in the Louisiana Supreme Court.

MR. BUTLER:

Louis Butler for the State of Louisiana, Your Honor. This is before the Court on the Defense's Motion to Correct an Illegal Sentence on Darryl Parker.

It appears that the Court sentenced the Defendant as a Third Felony Offender. One of the priors that was used to enhance was violation of 14:95.1; which itself is an enhanced charge based upon a simple burglary. That additional simple burglary was used to enhance; as such, it's a double enhancement and not allowed by the law.

So I believe we're here for a Re-Sentencing as Second Felony Offender rather than a third.

THE COURT:

So the relief you request is that your prior, the prior Sentence of the Defendant administered by this Court for life, be vacated and set aside?

MR. ARMOND [defense counsel]:

This is correct, Your Honor.

THE COURT:

So ordered. Your client prepared to be sentenced under a Double Bill?

MR. ARMOND:

We would waive delays, Your Honor; and stipulate to the fact that he is one and the same that has a prior felony conviction.

THE COURT:

Alright. It is the Sentence of this Court, sir, that you be remanded to the custody of the State of Louisiana, Department of Corrections, and therein to spend twelve years at hard labor.[46]

---

[46] State Rec., Vol. II of IV, transcript of December 6, 2001, pp. 4-5.

Accordingly, it is evident that the court was proceeding based on the fact that the predicate conviction had already been established at the habitual offender hearing held on October 6, 2000,[47] and counsel's offhand, unsolicited "stipulation" was of no consequence.

Second, even if the comment were a true stipulation and considered as such by the trial court, it is beyond cavil that counsel may enter into stipulations regarding factual issues. Further, when a stipulation is a concession of facts which the state could have easily established at trial and no advantage would have inured to petitioner had counsel refused to enter the stipulation, counsel is not ineffective when he enters into such a stipulation. See Berry v. King, 765 F.2d 451, 454-55 (5th Cir. 1985). Clearly, the prosecution could have met its burden of proof regarding the 1991 conviction because it had already previously done so at the original habitual offender hearing held on October 6, 2000. Therefore, a stipulation at the 2001 hearing would have been entirely proper.

Petitioner also argues that the trial court illegally imposed an enhanced sentence at the 2001 hearing without "properly arraign[ing]" him as required in the habitual offender statute. Louisiana law requires that when a multiple bill of information has been filed against a person, the court shall cause "the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." La.Rev.Stat.Ann. § 15:529.1(D)(1)(a). That requirement was in fact met in this case. The record

---

[47] State Rec., Vol. II of IV, transcript of October 6, 2000.

- 15 -

reflects that petitioner was arraigned on the multiple bill of information on May 8, 2000.[48] The subsequent 2001 hearing was not an unrelated proceeding; rather, based on defense counsel's successful Motion to Correct an Illegal Sentence, the court essentially simply reopened and continued the original proceedings. Petitioner has not established that state law would require rearraignment under those circumstances.

Nevertheless, in any event, even if rearraignment would be required under state law, that would be of no moment in this federal proceeding. As previously noted, mere violations of *state* law do not warrant federal *habeas corpus* relief; rather, such relief may be granted only to remedy violations of *federal* law. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983). It is well established that a formal arraignment is not constitutionally required under federal law if, as here, it is clear that the defendant knew what he was accused of and was able to defend himself adequately. Dell v. Louisiana, 468 F.2d 324, 325 (5th Cir. 1972).

For all of the foregoing reasons, the Court finds that all of petitioner's claims regarding his habitual offender adjudication are without merit. Petitioner has clearly failed to demonstrate that the state court's decisions rejecting those claims were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court likewise rejects those claims.

---

[48] State Rec., Vol. I of IV, minute entry dated May 8, 2000.

Brady Claim

On his federal application form, petitioner also states: "Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant."[49] It would therefore appear that petitioner is attempting to assert some manner of claim under Brady v. Maryland, 373 U.S. 83 (1963). Regarding Brady claims, the United States Fifth Circuit Court of Appeals has stated:

> Brady requires the state to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.
> Under Brady, to establish that the state has breached this duty, the defendant must show that (1) the state withheld evidence, (2) the evidence was favorable to the accused, and (3) the evidence is material to guilt or punishment.

DiLosa v. Cain, 279 F.3d 259, 262-63 (5th Cir. 2002) (internal quotation marks and citations omitted).

In the instant case, petitioner offers nothing more than the previously quoted one-sentence statement of this claim. He offers no further explanation of the claim on the application form or in the accompanying memorandum. He has not even identified what evidence was allegedly withheld. Therefore, he obviously has not met his burden to prove that material evidence favorable to the defense was in fact withheld. Accordingly, his Brady claim, to the extent that he is asserting one, necessarily fails.

---

[49] Rec. Doc. 1, p.4.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Darryl Parker be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventeenth day of July, 2007.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**